14 CV 6497

JUDGE ABRAMS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

ROBERT SIERRA,                                          Case No.

             Plaintiff,

        -vs.-                                           **COMPLAINT**

HIGHGATE HOTELS LP

             Defendant.
-----------------------------------------------------------------------X

RECEIVED
AUG 14 2014
U.S.D.C. S.D.N.Y.
CASHIERS

        Plaintiff, ROBERT SIERRA, by and through his attorneys, the LAW OFFICES OF

WILLIAM CAFARO, hereby alleges as follows:


### THE PARTIES

1.      The Plaintiff ROBERT SIERRA ("Sierra") is an individual residing in the

Bronx, New York.


2.      Upon information and belief, the Defendant Highgate Hotels, LP (hereinafter

"Highgate"), was and is a foreign limited partnership created under the laws of the state of

Delaware whose principal place of business is located at 234 W 42nd St, New York, NY

10036.


### JURISDICTION AND VENUE

3.      Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of

the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et*

*seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law, 12 NYCRR § 142-2.2, and 12 NYCRR § 142-2.4.

4.    Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one defendant resides within this Judicial District, and (b)(2), insofar as all the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

5.    At all times herein pertinent, the Defendant was engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

6.    There is a hotel located at 572 Lexington Avenue New York, New York 10036, that operates under and holds itself out to the public under the name and style of Doubletree Metropolitan Hotel (hereinafter "DTS Hotel").

7.    There is a hotel located at 234 W 42nd St, New York, New York 10036, that operates under and holds itself out to the public under the name and style of Hilton Times Square Hotel (hereinafter "HTS Hotel").

8.    Both DTS Hotel and HTS Hotel operate under, and hold themselves out to the public under the name and style "Hilton Hotels and Resorts", and have done so at all times herein pertinent.

9.      Upon information and belief, Highgate participated in the management of the DTS Hotel during the time frame alleged herein, including various aspects of the employment relationships with the hotel employees.

10.     Upon information and belief, Highgate participated in the management of the HTS Hotel during the time frame alleged herein, including various aspects of the employment relationships with the hotel employees. .

11.     Upon information and belief, for each of the calendar years 2010 through 2014, inclusive, the gross receipts for the DTS Hotel were not less than, or will not be less than, $500,000.00.

12.     Upon information and belief, for each of the calendar years 2010 through 2014, inclusive, the gross receipts for the HTS Hotel were not less than, or will not be less than, $500,000.00.

13.     Going to the website www.hilton.com will access a menu, which allows the user to search for Hilton Hotels and Resorts in a given area. By searching for hotels in "New York, NY" a menu shows several locations of Hilton Hotels and Resorts; the DTS Hotel and HTS Hotel among them.

14.     Upon information and belief, both HTS Hotel and DTS Hotel have the same paymaster who maintains the payroll records. This payroll master sends an IRS form W-2 to each employee of Highgate, including those who work for HTS Hotel and DTS Hotel, and uses the same batch number on the W-2s for both hotels.

15.    Plaintiff's employee numbers on the bio-scan system used at the HTS Hotel and DTS Hotel are essentially the same, in that the last six of the eight digit number is exactly the same.

16.    All of the Plaintiff's paychecks indicate the same employer address and suite number regardless of whether it was for hours worked at HTS Hotel or DTS Hotel.

17.    Upon information and belief, the HTS Hotel and DTS Hotel have the same Human Resources Department that hires and fires employees and determines work schedules for the employees.

18.    Upon information and belief, the HTS Hotel and DTS Hotel have been operated as parts of a single integrated enterprise from at least July 2008 through to the Present.

19.    Upon information and belief, and in the alternative, Highgate along with another unknown business entity jointly employed the Plaintiff pursuant to the factors outlined in *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61 (2d Cir. 2003)

20.    Plaintiff began working for DTS Hotel on or about April 28, 1998.

21.    Starting in or about February 2002 Plaintiff began working simultaneously at both the HTS Hotel and DTS Hotel.

4

22.     Plaintiff's employee identification number at DTS Hotel is 16010985 and his employee identification number at HTS Hotel is 33010985.

23.     Plaintiff works as a bellman at both hotels, whose duties include, but are not limited to, transporting luggage from the car to the hotel room and back, storing luggage for hotel guests, helping guests with packages or finding lost luggage, maintaining luggage carts, hailing taxis, opening doors, and greeting guests.

24.     At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce.

25.     Subject to scheduled vacations, from the beginning of his employment to the present date Plaintiff has normally worked the following schedule at DTS Hotel: Wednesdays and Thursdays from 3:00PM until 11:30PM; on Fridays he worked from 11:00AM until 7:30PM; on Saturdays and Sundays he worked from 3:00PM until 11:30PM.

26.     Subject to scheduled vacations, from the beginning of his employment to the present date Plaintiff has normally worked the following schedule at HTS Hotel: Mondays and Tuesdays from 2:00PM until 8:00PM; on Wednesdays he worked from 7:00AM until 3:00PM; on Saturdays and Sundays he worked from 7:00AM until 3:00PM.

27.     Throughout his employment Plaintiff was paid approximately $15.31 per hour at the DTS Hotel.

5

28.    Throughout his employment Plaintiff was paid approximately $14.31 per hour at the HTS Hotel.

29.    Since he began working at both hotels, Plaintiff has always been paid his regular rate of pay for all hours worked at both hotels; he has never received time and a half for any of the hours he worked in excess of 40 hours per week.

30.    Plaintiff regularly worked for the Defendant in excess of forty (40) hours per week but never received any overtime premium for work performed in excess of the forty hour work week.

31.    Plaintiff was never compensated an additional hour's pay at the prevailing State minimum wage when he worked a split shift and/or in excess of 10 hours in a single day.

32.    At all times herein pertinent, Plaintiff performed his duties for the Defendant under the supervision, direction and control of personnel employed by Highgate who had control over the terms and conditions of his employment, including the hours of his employment, had the power to make decisions regarding hiring, firing, rates and method of the payment of wages, and maintained the records pertaining to all of the foregoing.

33.    In the alternative, at all times herein pertinent, Plaintiff performed his duties for the Defendant under the supervision, direction and control of personnel jointly employed by Highgate and an unknown business entity who had control over the terms and conditions

of his employment, including the hours of his employment, had the power to make decisions regarding hiring, firing, rates and method of the payment of wages, and maintained the records pertaining to all of the foregoing.

## AS AND FOR THE FIRST CAUSE OF ACTION
## FEDERAL FAIR LABOR STANDARDS ACT
## AGAINST THE DEFENDANT
## (OVERTIME)

34.    The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

35.    In violation of 29 U.S.C. §§ 207, 216(b) the Defendant has failed to pay the Plaintiff overtime pay at a premium rate of one and one half times their regular rates of pay.

36.    All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

## AS AND FOR A SECOND CAUSE OF ACTION
## STATE WAGE AND HOUR LAW
## AGAINST THE DEFENDANT
## (OVERTIME)

37.    The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

7

38.     The Defendant herein knowingly, willfully, and in bad faith violated Article 6 & 19 and the regulations promulgated thereunder, namely 12 NYCRR §142-2.2, by failing to pay Plaintiff overtime pay at a premium rate of at least one and one half times her regular rates of pay.

### AS AND FOR A THIRD CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANT
### (SPREAD-OF-HOURS & SPLIT-SHIFT PAY)

39.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

40.     The Defendant herein knowingly, willfully, and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay Plaintiff one hour's pay at the prevailing minimum wage rate for each day during which he worked a split shift and/or her spread of hours exceeded 10 hours.

**WHEREFORE**, the Plaintiff prays for judgment as against the Defendant as follows:

(a)     awarding back pay for overtime wages due and owing to the Plaintiff;

(b)     awarding back pay for spread of hours pay due and owing to the Plaintiff;

(c)     awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or the New York State Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

8

(d)    awarding the costs and disbursements of this action, pre and post judgment interest, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or the New York State Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1); and

(e)    awarding any other relief this Court deems just, proper and equitable.

Dated:  New York, New York
        August 12, 2014

                                    Respectfully submitted,
                                    LAW OFFICES OF WILLIAM CAFARO



                                    Amit Kumar (AC0822)
                                    Attorneys for Plaintiff
                                    108 West 39th Street, Suite 602
                                    New York, New York 10018
                                    (212) 583-7400
                                    File No. 52755

To:

HIGHGATE HOTELS, LP
234 W 42nd St
New York, NY 10036.

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

ROBERT SIERRA,                                                    Case No.

             Plaintiff,

       -vs.-

HIGHGATE HOTELS LP

           Defendant.

---------------------------------------------------------------------------X

## COMPLAINT

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400

10